UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN JOAQUIN, ET AL.,<br><br>           Defendant. | No. 2:24-cv-00899-CKD<br><br>ORDER |

      Plaintiff filed this civil rights action on March 20, 2024, alleging sexual harassment and rape by a peace officer. (ECF No. 1.) Plaintiff has filed a motion to proceed by the pseudonym "Jane Doe" in place of her true and correct name. (ECF No. 2.) For the reasons below, plaintiff's ex parte motion to proceed by pseudonym is GRANTED, subject to reconsideration when defendants appear in this action.

    I.    Legal Standard

  While the presumption in litigation is that parties must use their real names, courts permit parties to proceed anonymously when special circumstances justify secrecy.[1] Does I thru XXIII

---

[1] This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. Doe #3 v. California, 2023 WL 3996476, at *1 (E.D. Cal. June 14, 2023), citing Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010)

1

1 v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).  In the Ninth Circuit, a party
2 may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity
3 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'"
4 Id. at 1067-68 (quotation and citation omitted).  "[A] party may preserve his or her anonymity in
5 judicial proceedings in special circumstances when the party's need for anonymity outweighs
6 prejudice to the opposing party and the public's interest in knowing the party's identity."  Id. at
7 1068.  "Courts have generally permitted plaintiffs to proceed anonymously when their claims
8 involved allegations of sexual assault or rape."  Doe v. Rose, 2016 WL 9137645, at *1 (C.D. Cal.
9 June 17, 2016) (collecting cases).

10   II.   Discussion

11   Plaintiff requests to proceed by the pseudonym "Jane Doe" in place of her true and correct
12 name because this action involves allegations of sexual harassment and rape by a peace officer.
13 (ECF No. 2 at 2.) (See e.g., ECF No. 1 at ¶ 91, "MG's conduct included, among other things,
14 raping PLAINTIFF, sexually battering PLAINTIFF, and intentionally inflicting horror and
15 distress upon PLAINTIFF, often while wearing his uniform and badge.")  Plaintiff is the sole
16 parent providing care for her two minor children and is deeply traumatized because of the events
17 set forth in the complaint.  (Id. at 3.)  Plaintiff believes public disclosure of her name would cause
18 setbacks in her recovery and worries for her young children.  (Id.)  Plaintiff has already disclosed
19 her true identity to defendants by the filing of the California Civil Rights Department
20 administrative complaint in this matter, which mitigates any prejudice.  (Id.)

21   At this stage of the proceedings, the court finds good cause to grant the ex parte motion
22 based on the allegations at issue and because of plaintiff's representation that her identity has
23 already been disclosed to defendants.  The court will reconsider the issue should defendants
24 object once they have appeared in this action.  See Jane Doe #2 v. State of California, et al., 2023
25 WL 3956475, at *2 (E.D. Cal. June 12, 2023).
26 ////
27 ////
28 ////

# ORDER

Accordingly, it is HEREBY ORDERED that plaintiff's ex parte motion to proceed by pseudonym (ECF No. 2) is GRANTED, subject to reconsideration once defendants have appeared in this action.

Dated: March 29, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,doe.0899